Graham, Judge,
delivered the opinion of the court:
The plaintiff was engaged in the business of selling pianos and other musical instruments on the installment plan. The *431 contract of sale provided for the time of completing payment, contingent upon the price of the article and interest on the installments, the interest to become due and payable after the purchase price had been paid in full.
Beginning with the year 1909 plaintiff credited on its books to surplus the sum of $120,000, being estimated interest that had accrued on installment-sales contracts, and set up the same amount as an asset in an account styled “ Interest, discount, and exchange,” which account was carried on the books in the same amount for the years following. In 1919, in returning its invested capital for taxing, the plaintiff included this sum, $120,000. The commissioner reduced plaintiff’s surplus as of December 31, 1918, by this amount. In 1919 and prior years plaintiff treated as and credited to earnings such interest as was collected, and returned as income only interest which was actually collected within the year; and also treated upon its books of account, consistently, interest as earned in the year in which it was received.
The statute involved is the revenue act of 1918, 40 Stat. 1057, 1092, which is as follows:
“ Sec. 326 (a). That as used in this title the term ‘ invested capital ’ for any year means (except as provided in subdivisions (b) and (c) of this section) :
* * * * * * *
“ (3.) Paid-in or earned surplus and undivided profits, not including surplus and undivided profits, earned during the year; * * .
The plaintiff did not keep its books as to these interest payments on the accrual basis, but in the following manner (Finding I):
“ Taxpayer, upon its books of account, consistently treated interest as earned in the year in which it was actually received.
“Taxpayer’s books of account were kept and its returns were rendered upon the accrual basis except as to the interest on contracts, which interest was consistently set up on its books as earned, and returned as income, in the year in which it was actually received.”
The question is whether the plaintiff could include in invested -capital interest on installment sales when the interest had not been paid and when the plaintiff had consistently *432 in previous years entered this interest on its books only when received, and then returned it as income.
While it kept in reserve $120,000, as the interest became due and was paid it was placed on its books in the actual manner received, and this amount was reported each year as income in its income-tax returns. The amount claimed was never reported as income, not having been received, and not being income could not become surplus as a part of invested capital.
These items of interest which were included as surplus were not due and had not been paid, and payment was not enforced in the year 1918. The Commissioner of Internal Revenue ruled against the plaintiff, and on appeal to the Board of Tax Appeals his ruling was sustained, with which ruling we agree. The petition should be dismissed, and it is so ordered.
SiNNott, Judge; GkeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.